IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

ABC Capital Investments, LLC : CIVIL ACTION
v.
BTV Phil, LLC, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

8/4/17                   David J. Shulick                   Plaintiff
**Date**                  **Attorney-at-law**               **Attorney for**

(215) 988-5488         (215) 701-0811         dshulick@shulicklaw.com
**Telephone**          **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ABC Capital Investments, LLC

**DEFENDANTS**
BTV Phil, LLC, et al.

(b) County of Residence of First Listed Plaintiff: 1
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: 5
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
David T. Shulick, Esq.
1500 JFK Blvd., Ste. 1110
Phila., PA 19102  - (215) 988-5488

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause: Tortious Interference

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ over $125,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 8/4/17
SIGNATURE OF ATTORNEY OF RECORD: David J. Shulick

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1218 North Marshall St., Phila, PA 19122

Address of Defendant: 576 Valley Road, 311, Wayne, NJ 07470

Place of Accident, Incident or Transaction: Phila. PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
(Please specify) Tortious Interference

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, David T. Shulick, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/4/17      *David D. Shulick*      74333
                   Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/4/17      *David D. Shulick*      74333
                   Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABC CAPITAL INVESTMENTS, LLC : <br> 1218 North Marshall Street : <br> Philadelphia, PA 19122 : <br>       Plaintiff, : <br>   v. : <br> BTV PHIL, LLC : <br> 576 Valley Road, 311 : <br> Wayne, NJ 07470 : <br>     and : <br> SIENNA VENTURES, LLC : <br> 576 Valley Road, 311 : <br> Wayne, NJ 07470 : <br>     and : <br> SVPA PHIL I, LLC : <br> 576 Valley Road, 311 : <br> Wayne, NJ 07470 : <br>     and : <br> DAVID GABBAY : <br> 29 Beverly Road : <br> Chestnut Hill, MA 02467 : <br>     and : <br> FRANCO PACELLI : <br> 576 Valley Road, 311 : <br> Wayne, NJ 07470 : <br>       Defendants. : | NO.: <br><br> JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

And now, Plaintiff ABC Capital Investments, LLC, by and through its undersigned Counsel, herein files a civil action Complaint against all named Defendants above, jointly and separately as follows:

### PARTIES

1. Defendant, David Gabbay is an adult individual who upon information and belief resides at the above captioned address, or a new address to be determined and used for service. This Defendant shall herein after be referred to as "Gabbay."

2. Defendant, Franco Pacelli, is an adult individual who resides at above captioned address. Hereinafter, this Defendant shall be referred to as "Pacelli."

3. The Corporate Defendants, BTV Phil, LLC, Sienna Ventures, LLC, and SVPA Phil I, LLC, upon information of belief, are duly registered limited liability companies at the above captioned address. These corporate entities have their principal place of business as captioned above and are residents and domiciled in New Jersey. These Defendants shall collectively be referred to as "Corporate Defendants."

4. For purposes of this complaint, all Defendants, corporate and individual, shall be collectively referred to as "Defendants."

5. Jurisdiction and venue are properly laid in the United States District Court of the Eastern District of Pennsylvania. In that this litigation involves factual and legal relief, that occurred in Philadelphia, Pennsylvania. Furthermore, as alleged, the parties have complete diversity of citizenship in that plaintiffs are domiciled residents of, and/or citizens of, and/or have their corporate headquarters in states that are different than defendant, and over $125,000 is at issue together with injunctive relief.

## FACTUAL BACKGROUND

6. Defendants were clients of Plaintiff and engaged in numerous detailed, complex real estate acquisition, development, and rental transactions through Plaintiff and affiliated entities of Plaintiff.

7. Defendants and Plaintiff, at all times hereto, had fiduciary obligations to one another to work together in good faith, deal fairly, and all dealings were for the proper manifestation of the client relationship which, essentially could be described

as Plaintiff and Plaintiff's affiliates securing, renovating, purchasing, and leasing various properties in Philadelphia County for Defendants.

8. Defendants, acting as Plaintiff's client, went to the following properties during acquisition, renovation, or other stages and ostensibly made it appear as though they were doing due diligence as Plaintiff's clients. But, without Plaintiff and Plaintiff's affiliates knowledge, were, upon information and belief, surreptitiously identifying proprietary business methods, trade secrets, customer lists, key employees or, subcontractors and/or laborers, so that they could poach, steal, all said concepts and employees and/or laborers and utilize them for their own business benefit undermining the client relationship with Plaintiff including but not limited to the following properties:

   a. 579 Herman Street in Philadelphia, Pennsylvania;
   b. 943 East Stafford Avenue in Philadelphia, Pennsylvania;
   c. 1006 North 67th Street in Philadelphia, Pennsylvania;
   d. 2214 Melvin Street in Philadelphia, Pennsylvania;
   e. 2512 South 60th Street in Philadelphia, Pennsylvania;
   f. 2524 Bonaffon Street in Philadelphia, Pennsylvania;
   g. 5221 North American Street in Philadelphia, Pennsylvania;
   h. 5526 Blakemore Street in Philadelphia, Pennsylvania;
   i. 5782 Stewart Street in Philadelphia, Pennsylvania;
   j. 6613 Gerry Avenue in Philadelphia, Pennsylvania;
   k. 6615 Gerry Avenue in Philadelphia, Pennsylvania;
   l. 7115 Theodore Street in Philadelphia, Pennsylvania;

    m. 7349 Garman Street in Philadelphia, Pennsylvania;

    n. 618 East Stafford Street in Philadelphia, Pennsylvania;

    o. 1366 Narragansett Street in Philadelphia, Pennsylvania;

    p. 1525 Overington Avenue in Philadelphia, Pennsylvania;

    q. 3949 Franklin Street in Philadelphia, Pennsylvania;

    r. 4909 North Smedley Street in Philadelphia, Pennsylvania;

    s. 6069 Regent Avenue in Philadelphia, Pennsylvania;

    t. 5537 Boyer Street in Philadelphia, Pennsylvania;

    u. 5762 Hummer Street in Philadelphia, Pennsylvania;

    v. 5912 West Oxford Street in Philadelphia, Pennsylvania;

    w. 6321 Hazel Street in Philadelphia, Pennsylvania;

    x. 4906 Smedley Street in Philadelphia, Pennsylvania;

All of the aforesaid properties shall be collectively referred to as "The Properties" for purposes of this litigation.

9. Defendants walked through said properties, met with, spoke with, and under false pretenses, both at the Plaintiff's headquarters, and at the property sites, identified key laborers, employees and staff that they have poached and stolen in bad faith, including but not limited to Amani Cox – Lane, Caliph Clemmones, Jorge Martinez, Jose Smith, Jorge's helper [last name to be identified], Donald Dempster, and Nelson Rios. Discovery may produce more laborers, individuals, and other poached and wrongfully taken property.

10. As a direct and proximate result, Plaintiff seeks all available and legal equitable relief, had incurred and continues to incur material damages, and sues Defendants, collectively, for the following claims.

## COUNT I:

## VIOLATION OF THE PENNSYLVANIA PROPRIETARY TRADE SECRETS ACT 12Pa.C.S. AND 18Pa.C.S. OTHERWISE KNOWN AS THE PENNSYLVANIA TRADE SECRETS AND OFFENSE OF THEFT OF TRADE SECRETS ACT OF FEBRUARY 19, 2004, #2014

11. Plaintiff incorporates by reference all of the aforesaid paragraphs as set forth at length herein.

12. The Pennsylvania Trade Secrets and Offense of Theft of Trade Secrets Act of February 19, 2004, #14, otherwise found at 12Pa.C.S. and 18Pa.C.S. is incorporated by reference, and specifically prevents the unauthorized, improper, and bad faith poaching of business methods, key employees, laborers, and other business related trade secrets essential to Plaintiff.

13. As set forth above, for working surreptitiously, collectively, and individually, Defendants have intentionally violated the aforesaid capital act, and as a result have cause substantial damage both financial and non-financial, and said damages continue to accrue.

14. Defendants are liable under said act for injunctive relief, damages, and attorney's fees.

## COUNT II:

## CIVIL CONSPIRACY

15. Plaintiff incorporates by reference all of the aforesaid paragraphs as set forth at length herein.

16. As set forth above, Defendants acting as clients of Plaintiff, improperly, intentionally, and illegally conspired with each other and others to be determined through discovery, to poach, take, steal, and otherwise convert for their own use key employees, subcontractors, laborers, business methods, and other proprietary data and information.

17. As a direct and proximate result, Plaintiff has continued to incur substantial equitable and monetary damages, which continue to accrue.

18. Defendants had no justification as a matter of law for their actions.

## COUNT III:

## TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONS

19. Plaintiff incorporates by reference all of the aforesaid paragraphs as set forth at length herein.

20. As set forth above, Defendants acting as clients of Plaintiff, improperly, intentionally, and illegally conspired with each other and others to be determined through discovery, to poach, take, steal, and otherwise convert for their own use key employees, subcontractors, laborers, business methods, and other proprietary data and information.

21. As a direct and proximate result, Plaintiff has continued to incur substantial equitable and monetary damages, which continue to accrue.

22. Defendants had no justification as a matter of law for their actions.

23. Defendants intentionally interfered with ongoing contractual relationships and other key relationships between Plaintiff and multiple third parties, including the employees, subcontractors or laborers named above.

## COUNT IV:

## BREACH OF FIDUCIARY DUTY

24. Plaintiff incorporates by reference all of the aforesaid paragraphs as set forth at length herein.

25. As set forth above, Defendants acting as clients of Plaintiff, improperly, intentionally, and illegally conspired with each other and others to be determined through discovery, to poach, take, steal, and otherwise convert for their own use key employees, subcontractors, laborers, business methods, and other proprietary data and information.

26. As a direct and proximate result, Plaintiff has continued to incur substantial equitable and monetary damages, which continue to accrue.

27. Defendants had no justification as a matter of law for their actions.

28. Defendants intentionally interfered with ongoing contractual relationships and other key relationships between Plaintiff and multiple third parties, including the employees, subcontractors or laborers named above.

## COUNT V:

## CIVIL CONVERSION

29. Plaintiff incorporates by reference all of the aforesaid paragraphs as set forth at length herein.

30. As set forth above, Defendants acting as clients of Plaintiff, improperly, intentionally, and illegally conspired with each other and others to be determined through discovery, to poach, take, steal, and otherwise convert for their own use key employees, subcontractors, laborers, business methods, and other proprietary data and information.

31. As a direct and proximate result, Plaintiff has continued to incur substantial equitable and monetary damages, which continue to accrue.

32. Defendants had no justification as a matter of law for their actions.

33. Defendants intentionally interfered with ongoing contractual relationships and other key relationships between Plaintiff and multiple third parties, including the employees, subcontractors or laborers named above.

**WHEREFORE**, Plaintiff respectfully requests that Defendants be held jointly and severally liable for their illegal actions as outlined above, that injunctive relief is issued against the Defendants, and damages are awarded against Defendants that are not dischargeable in bankruptcy for their statutory violations and illegal conduct in excess of $125,000.00 together with all costs of suit and such other relief as this Court may deem just and equitable.

/s/ David T. Shulick
**SHULICK LAW**
BY: David T. Shulick, Esquire
*Attorney for Plaintiff*

Dated: July 31, 2017