UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABC CAPITAL INVESTMENTS, LLC : | |
| : | NO.: 17-4422 |
| v.   : | |
| BTV PHIL, LLC : | |
| and   : | |
| SIENNA VENTURES, LLC : | |
| and   : | |
| SVPA PHIL I, LLC : | |
| and   : | |
| DAVID GABBAY : | |
| and   : | |
| FRANCO PACELLI : | |
| Defendants. : | |
| SIENNA VENTURES, LLC : | |
| and   : | REMOVED to: |
| SV PA PHI 1, LLC : | NO.: 17-3548 |
| and   : | |
| BTV PHIL LLC : | |
| and   : | |
| BTV PHIL 3, LLC : | |
| and   : | |
| Jason Walsh  - improperly named : | |
| Yaron Zer    - improperly named : | |
| Ariel Taube  - improperly named : | |
| Howard Greenberg  - improperly named : | |

**SUPPLEMENTAL MEMORANDUM TO THE CONSOLIDATED REPLY AND OPPOSITION TO MOTION TO DISMISS FILED IN CASE 17-4422; MOTION TO DISMISS INDIVIDUAL DEFENDANTS IN REMOVED CASE 17-3548 PURSUANT TO RULE 12 AND TESTIMONIAL PROOF AND TO CONSOLIDATE MATTERS FOR PURPOSES OF DISCOVERY AND TRIAL**

Plaintiffs, by and through their undersigned counsel, herein files this supplement to their Consolidated Reply and Opposition to the Motion to Dismiss filed in Case 17-4422 and the Motion to Dismiss Individual Defendants in Removed Case 17-3548 and to Consolidate Matters for purposes of discovery and trial and avers as follows:

## **SUPPLEMENT TO CASE I – 17 - 4422**

Case I is the first action initiated by ABC Capital Investments against Defendants for poaching and stealing trade secrets by former Clients, who used their position as Client of ABC, and then stole employees, business methods, trade secrets, and contractual relationships. The only reason for naming David Gabbay and Franco Pacelli is that beyond question – their actions were ULTRA-VIRES and outside the scope of any corporate client, as alleged.

Pursuant to Rule 12(b), Plaintiffs' Complaint in Case I, 17-4422 should stay as they have thoroughly and effectively stated claims upon which relief can be granted, contrary to the motions of Defendants and supported by the testimonies attached hereto. Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires **"a short and plain statement of the claim showing that the pleader is entitled to relief."** (emphasis added). Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949. The question is not whether the plaintiff will prevail in the end but whether the plaintiff is entitled to offer evidence in support of the claims. *See* Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

The Claims made by ABC in Case I, Docket Number 17-4422 are valid, appropriate and the Rule 12 Motion filed by Defendants should be denied as they offer plain statements as to why Plaintiffs are entitled to relief as a result of Defendants theft of trade secrets, employees, contractual relationships, contacts etc. Spearheaded by the individual defendants David Gabbay and Franco Pacelli, named in Case I. They acted in such a way that went far beyond the scope of their role as corporate officers. As such, need to remain as named individual defendants, as proven

by the sworn testimony of William Davis creates a substantial material fact in dispute that requires the denial of the Rule 12 Motion. It is beyond question that the actions of Gabbay and Pacelli were ULTRA-VIRES and outside the scope of any corporate client, as alleged. These individual defendants acted in their own capacity and of their own volition, outside the scope of their role as corporate officers, to engage in illegal, deceptive and fraudulent activity, including the personal solicitation and theft of Plaintiffs' employees and contractual relations.

Plaintiffs' Complaint contained clear, well pled claims against Defendants that included violations of the Pennsylvania Proprietary Trade Secrets Act, Civil Conspiracy, Tortious Interference with Existing and Prospective Contractual Relations , Breach of Fiduciary Duty and Civil Conversion. All of these claims were supported by sufficient facts and allegations that properly distinguish the individual actions taken by Gabbay and Pacelli, outside of their capacity as corporate officers. ABC Capital Investments has clearly alleged counts in a sufficient manner as to satisfy the Rule 12 requirements and as such, Defendants' Rule 12 Motion to Dismiss should be DENIED in its entirety.

## SUPPLEMENT TO CASE II 17-3548

Case II, Docket number 17-3548, was intentionally and improperly filed in State Court with a prior pending action in this Court. Notably, this case intentionally named four individual defendants who had and have absolutely nothing to do with anything alleged, which has been proven through sworn testimony, the sworn statement of Jason Walsh and Third Party Witness, William Davis,  for which Case II's lawyer chose not to participate, despite being on notice thereof, and despite having Rule 11 Safe Harbor Notices issued about the improper naming of individuals Walsh, Zer, Taube and Greenberg (collectively, Individual Defendants) without any basis in fact or law. This was done as a tactic merely to destroy federal diversity without a factual or legal basis.

The testimony of Witness William Davis is attached hereto and incorporated herein as Exhibit "A," and the testimony of Jason Walsh is attached hereto and incorporated herein as Exhibit "B."

Jay Walsh is the managing member of ABC Capital Realty, LLC and ABC Capital Investments, LLC.  Amir Vana is the managing member of New Philly Construction, the Contractor they use, for whom Tony Stasiak and William Davis worked. Ariel Taube is merely another third party client of ABC, and has nothing else to do with this case and has no involvement with any buildings, constructions or deals. Yaron Zer is merely an owner, and has not even been in this Country for years, and lives and works in Israel. Amir Vana is the Managing Member of the Contractor, New Philly, for whom Tony Stasiak worked, and the entity wherein Defendants in the first action poached employees, business methods and other wrongful conduct as alleged, and never on-site at projects. Howard Greenberg is merely the registered broker for ABC Capital Realty, L.L.C., which whom Defendants' did business, is not on-site, never had any direct dealings, and he is in the office maybe four (4) times per year.

The individual defendants, pursuant to Rule 12, this Honorable Court must dismiss these individual Defendants in Case II should be removed from the action and all related matters as Plaintiffs in Case II have failed to allege any actions taken by any of said individual defendants that were outside their capacity as corporate officers and in the case of Ariel Taube, simply a third-party client with no involvement in this case. Plaintiffs in Case II have failed to allege any specific actions or instances that would justify naming these defendants as individuals and have clearly done so in an attempt to harass and extort these individuals.

There have been no claims, allegations or factual averments that have come close to being sufficient enough to pierce the corporate veil in the matter at hand. In determining whether to pierce the corporate veil, Pennsylvania Courts require  VERY HIGH STANDARD OF PROOF,

courts will look to whether corporate formalities have been observed and corporate records kept, whether officers and directors other than the dominant shareholder himself actually function, and whether the dominant shareholder has used the assets of the corporation as if they were his own. Village at Camelback Property Owners Association, Inc. v. Carr, 538 A.2d 528, 533 (Pa. Super. 1988), aff'd, 524 Pa. 330, 572 A.2d 1 (1990). Here, Caslows maintain that the trial court did not analyze any of the factors necessary to apply the doctrine of piercing the corporate veil. Even if the trial court had analyzed the factors, the evidence shows that East Suburban has always been lawfully incorporated as a corporate veterinary practice and was for 16 years before the highway development implicated the Property. Additionally, there is no evidence of self-dealing, fraud or that the corporate entity was used as a sham to reap a windfall from Department.  **See**, *In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of the Right-of-Way for State Route 0022, Section B01, in the Municipality of Murrysville.  Donald Caslow and Annette Caslow, husband and wife, Appellants. In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of the Right-of-Way for State Route 0022, Section B01, in the Municipality of Murrysville, No. 2665(6) C.D. 2002; Commonwealth Court of Pennsylvania (2003)*.

Plaintiffs in Case II have made no such sufficient allegations against the named individual defendants in any capacity nor have those same individual defendants acted in any such manner that would warrant the piercing of the corporate veil or their inclusion as individuals. Given the sworn testimony attached hereto, there is no grounds or basis for any of the individuals who were named to remain a part of this litigation as they played no role, outside of that of corporate officer in the alleged complaints of the Case II Plaintiffs. All of the complaints brought by Plaintiffs in Case II involve contractual issues concerning solely the corporate entities in question and there

were no claims sufficiently alleged that the individual defendants acted in their individual capacity to engage in any illegal or tortious activities. This is in stark contrast to case one where Defendants Gabbay and Pacelli acted individual and in their own capacity to commit the acts against Plaintiffs as alleged in Plaintiffs' Complaint.

**WHEREFORE**, Plaintiffs in Case I respectfully requests that this Honorable Court DENY their Motion to Dismiss the Individual Defendants, GRANT this Motion to Consolidate, deny the Motion to Remand.  It is clear that this matter is between diverse parties and entities, who live in different states, are residents and citizens of different states, and more than $125,000 is at issue. At a minimum, This Honorable Court should enter a Rule upon the Plaintiffs' in Case II to show cause why, under the law of the Commonwealth of Pennsylvania regarding Piercing of the Corporate Veil, and the facts in this case, the Individual Defendants could be named as Defendants when their corporations were the victims.

/s/ David T. Shulick
***SHULICK LAW***
BY: David T. Shulick, Esquire
*Attorney for Plaintiffs Case I*
*Attorney for Defendants Case 2*

Dated: 10.12.17

EXHIBITS:  SWORN TESTIMONY
WILLIAM DAVIS – WITNESS
JASON WALSH – PRINCIPLE AND WITNESS
EXHIBIT 'A' AND 'B'